IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES S. TATE, JR.            *
                              *
        v.                    *   Civil No. JFM-07-627
                              *
STATE OF MARYLAND, ET AL.     *
                           *****

MEMORANDUM

Plaintiff has filed this action against the Maryland Aviation Administration ("MAA"), an arm of the State of Maryland, and eight "John Doe" defendants. He asserts common law and constitutional claims under Maryland law and federal constitutional claims under 42 U.S.C. § 1983. The claims arise from an incident that occurred on March 12, 2004, when plaintiff allegedly was falsely arrested and assaulted by eight MAA officers.

The MAA has filed a motion to dismiss the action. The motion will be granted. The reasons for this ruling may be briefly stated.

First, the MAA is a state agency and, as such, is not a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

Second, the MAA, as a State agency, is entitled to Eleventh Amendment immunity and may not be sued in this court. *See generally Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State's waiver of sovereign immunity under the Maryland Tort Claims Act is limited to actions brought in the Maryland courts, and does not extend to actions brought in federal court. *See Md. Code Ann.*, *State Gov't* §12-104(a)(1) (West 2006); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 n.9 (1984).

This court therefore lacks subject matter jurisdiction over all of the claims asserted by plaintiff. Plaintiff responds by suggesting that his joinder of the eight "John Doe" defendants

entitles him to maintain this action. This position lacks merit. Of course, if plaintiff had actually named individual officers as defendants, they could have been sued in their individual capacities under 42 U.S.C. § 1983, and this court could have exercised ancillary jurisdiction over state law claims asserted against them. However, the incident giving rise to plaintiff's claims occurred more than three years ago, and the statute of limitations, as well as the 120 day period for serving individual defendants under Fed. R. Civ. P. 4(m), has now expired. *See Md. Code Ann., Cts. & Jud. Proc.*, §5-101 (West 2006); *Wilson v. Garcia*, 471 U.S. 261, 278 (1985). Therefore, plaintiff could not save this action by filing an amended complaint identifying the John Doe defendants and seeking to have the amendment "relate back" under Fed. R. Civ. P. 15(c)(3). *See Goodman v. Praxair, Inc.*, No. 06-1009, slip op. at 17, 2007 WL 2121724, 10 (4th Cir. July 25, 2007) (en banc).[1]

     A separate order granting MAA's motion to dismiss and dismissing this case for lack of subject matter jurisdiction is being entered herewith.

Date: August 16, 2007        /s/_____
                                     J. Frederick Motz
                                     United States District Judge

---

[1] Defendant seeks to have me dismiss the action on the additional grounds that plaintiff failed to provide sufficient notice under the Maryland Tort Claims Act. *See generally Md. Code Ann., State Gov't,* §12-106 (West 2006). Because this court lacks subject matter jurisdiction, I have no authority to make such a ruling.